IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALPHONSO ALEXANDER JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2187-K-BN |
| | § | |
| ROUNDPOINT MORTGAGE | § | |
| SERVICING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Minute Entry dated Aug. 20, 2018.

Plaintiff Alphonso Alexander Jackson has filed a motion for new trial under Federal Rule of Civil Procedure 59. *See* Dkt. No. 28.

Defendant RoundPoint Mortgage Servicing Corporation has filed its response in opposition to the motion. *See* Dkt. No. 29.

Jackson has not filed a reply, and the deadline to do so has expired.

For the reasons and to the extent explained below, the Court should deny Jackson's motion for new trial [Dkt. No. 28].

## Background

The facts of this case have been summarized elsewhere in the record [*see* Dkt. No. 24], and so the undersigned will recount only the facts and procedural history that are pertinent to these findings, conclusions, and recommendation.

This case is about a dispute between a mortgagor, Alphonso Alexander Jackson, and his mortgage servicing company, RoundPoint Mortgage Servicing Corporation. The dispute arises out of a mortgage agreement and subsequent foreclosure and attempted sale of real property located at 2647 Bois D'Arc Lane, Grand Prairie, Texas 75052 (the "Property"). *See* Dkt. No. 24 at 1-2.

On August 6, 2018, Jackson filed this action in County Court at Law No. 1 for Dallas County, Texas. *See* Dkt. No. 1-1 at 8-18.

According to Jackson, RoundPoint violated Texas Finance Code § 392.301(a)(8) by failing to provide Jackson with proper notice of the acceleration of his loan and of the substitute trustee's sale of the Property. *See* Dkt. No. 24 at 5. Jackson also alleges that RoundPoint was moving to foreclose on the Property while also processing Jackson's loan modification application, which is prohibited by law. *See id.*

Jackson also alleges that RoundPoint violated Texas Finance Code § 392.303(a)(2) by failing to properly account for payments made on his loan and consequently demanding payment in excess of what is permitted. *See id.*

And Jackson alleges that RoundPoint violated Texas Finance Code §§ 392.304(a)(8) and (19) by misrepresenting the status of Jackson's loan and for improperly threatening or attempting foreclosure on the Property. *See id.*

Jackson also alleges that RoundPoint violated Texas Property Code § 51.002(d) and (b) by improperly threatening foreclosure on the Property without giving notice of acceleration and substitute trustee sale and by giving notice that failed to comply with the Texas Property Code. *See* Dkt. No. 24 at 5.

Alternatively, Jackson claims that RoundPoint breached its contract with Jackson because it had no right to foreclose on the Property. *See id*.

RoundPoint removed this case to federal court under diversity jurisdiction. *See* Dkt. No. 1. And RoundPoint filed a motion for summary judgment. *See* Dkt. No. 16.

On May 21, 2020, the undersigned entered findings, conclusions, and recommendation, recommending that the Court grant RoundPoint's motion for summary judgment. *See* Dkt. No. 24.

On June 4, 2020, Jackson filed objections to the undersigned's findings, conclusions, and recommendation. *See* Dkt. No. 25.

Jackson's objections are substantively very similar to the arguments that he made in opposition to summary judgment. *Compare* Dkt. No. 25 *with* Dkt. Nos. 21-22.

Specifically, Jackson made the following objection as to the individual who executed the assignment of Jackson's loan:

> The Court is aware that the putative assignor, PlainsCapital's PrimeLending unit, is based in Texas, primarily Dallas and Lubbock counties, yet will note on PAGEID 245 that the assignment was executed in Mecklenburg County, North Carolina, by a person claiming to act on behalf of an entity that claims to be the nominee of PrimeLending. However, as pointed out in the briefing, there was no corroborating evidence of such relationship nor of the authority or capacity of the person signing. As noted in Plaintiff's briefing, per

*Green v. JPMorgan Chase Bank*, 937 F. Supp. 2d 849, 855-856 (N.D. Tex. 2013), he may challenge an assignment of lien or appointment of trustee.

*See* Dkt. No. 25 at 1.

Jackson also took issue with the Court's analysis of Texas Property Code § 51.002(b) and noted

> that subsection provides:
>
> > (b) Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
> >
> > (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
> >
> > (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
> >
> > (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.
>
> Such language would appear to mandate that the notice given to the debtor be the same as the notice filed with the county clerk and with the notice form as posted at the prescribed location at the county courthouse. See PAGEID 258, and note that the copy provided to Plaintiff was not dated, signed or stamped, and the county clerk would not have accepted a notice that was not dated or signed, nor would such have been posted after being stamped, because it could not have been file stamped.

Dkt. No. 25 at 2.

Jackson also took issue with the undersigned's determination on Jackson's dual-tracking claim and argued that

> the Court notes that the Plaintiff has claimed that the loan was dual tracked–threatened with foreclosure at the same time as the debtor

is being led to believe that the loan is being evaluated for modification or is being modified, which would constitute a violation of 12 C.F.R. §1024.41. From the summary judgment evidence, as analyzed in the Recommendation, in March, 2018 the putative servicer was engaged in attempting–to one meaningful degree or another–to modify the loan, and within 37 days of such activity further foreclosure-related activity took place.

*Id.*

And Jackson objected to the undersigned's analysis of Jackson's Finance

Code § 392.303(a)(2). Jackson noted that

[t]he notices Defendant references in the Hood Affidavit surely were not sent by the various persons free of charge, without being debited to Plaintiff's loan account. Given the absence of proof of capacity for the signing of the various assignment instruments, the lack of consistency between the claimed chain of indorsement of the Note that Defendant offers and the claimed chain of assignments of the Note and liens that Defendant offers, there were no valid predicate notices, hence no valid foreclosure related activity and therefore the billed costs of such noticing were improper.

Dkt. No. 25 at 2-3.

Lastly, Jackson objected to the undersigned's findings with respect to

Jackson's breach of contract claim. Jackson argued that

[t]he analysis of *McCaig v. Wells Fargo*, 788 F.3d 463, 478 (5th Cir. 2015) as to damages that may arise in consumer debt collection would appear to apply to Plaintiff's situation, where (a) there is a duty to follow applicable law in the collection process, which duty is memorialized in the Note and Deed of Trust, (b) there are arguable failures by Defendant to live up to that duty, because of notices being improperly given without clear capacity at the time(s), due to inconsistencies of the chain of indorsement as compared to the chain of assignment that Defendant offers, and (c) jeopardy to Plaintiff's title to, and use and possession of, the homestead have resulted. The August, 2018 sale did not occur only because of the temporary restraining order granted in this suit, not because of any benevolence of Defendant.

Dkt. No. 25 at 3.

On June 17, 2020, the Court adopted the undersigned's findings, conclusions and recommendation and granted summary judgment for RoundPoint. *See* Dkt. No. 26. The Court entered final judgment in this case on that same date. *See* Dkt. No. 27.

And, on July 15, 2020, Jackson filed a motion for new trial. *See* Dkt. No. 28. Jackson's arguments for a new trial are virtually identical to his arguments against summary judgment and his objections to the undersigned's findings, conclusions, and recommendation on RoundPoint's motion for summary judgment.

For example, in his motion for a new trial, Jackson attack's the validity of the assignment of the lien on the Property. Specifically, he argues that

> [t]he Court is aware that the putative assignor, PlainsCapital's PrimeLending unit, is based in Texas, primarily Dallas and Lubbock counties, yet will note on PAGEID 245 that the assignment was executed in Mecklenburg County, North Carolina, by a person claiming to act on behalf of an entity that claims to be the nominee of PrimeLending. However, as pointed out in the briefing, there was no corroborating evidence of such relationship nor of the authority or capacity of the person signing. As noted in Plaintiff's briefing, per *Green v. JPMorgan Chase Bank*, 937 F. Supp. 2d 849, 855-856 (N.D. Tex. 2013), he may challenge an assignment of lien or appointment of trustee. There has still not been a sufficient explanation in evidence to the Court, showing the authority or capacity of the person purporting to make the assignment, and hence such assignment could potentially be found void under Green.

Dkt. No. 28 at 2. This argument is the same argument from Jackson's objections to the undersigned's findings, conclusions, and recommendation on RoundPoint's motion for summary judgment. *See supra* pp. 3-4.

Next, in Jackson's motion for new trial, he takes issue with the undersigned's analysis of Texas Property Code § 51.002(b). And he specifically notes

that subsection provides:

> (b) Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
>
> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>
> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>
> (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

> Such language would appear to mandate that the notice given to the debtor be the same as the notice filed with the county clerk and with the notice form as posted at the prescribed location at the county courthouse. See PAGEID 258, and note that the copy provided to Plaintiff was not dated, signed or stamped, and the county clerk would not have accepted a notice that was not dated or signed, nor would such have been posted after being stamped, because it could not have been file stamped.

Dkt. No. 28 at 2-3. This argument is identical to Jackson's argument in his objections to the undersigned's findings, conclusions, and recommendation. *See supra* p. 4.

Jackson also argues that a new trial is warranted on his dual-tracking claim and argues that

> the Court notes that the Plaintiff has claimed that the loan was dual tracked – threatened with foreclosure at the same time as the debtor is being led to believe that the loan is being evaluated for modification or is being modified, which would constitute a violation of 12 C.F.R. §1024.41. From the summary judgment evidence, as analyzed in the Recommendation, in March, 2018 the putative servicer was engaged in attempting – to one meaningful degree or another – to modify the loan, and within 37 days of such activity further foreclosure-related activity took place.

Dkt. No. 28 at 3. This argument is also identical to Jackson's argument in his objections to the undersigned's Findings, Conclusions, and Recommendation. *See supra* p. 4.

And Jackson repeats the same argument regarding the undersigned's analysis of Jackson's Texas Finance Code § 392.303(a)(2) claim. Jackson notes that

> [t]he notices Defendant references in the Hood Affidavit surely were not sent by the various persons free of charge, without being debited to Plaintiff's loan account. Given the absence of proof of capacity for the signing of the various assignment instruments, the lack of consistency between the claimed chain of indorsement of the Note that Defendant offers and the claimed chain of assignments of the Note and liens that Defendant offers, there were no valid predicate notices, hence no valid foreclosure related activity and therefore the billed costs of such noticing were improper.

Dkt. No. 28 at 3; *see supra* p. 4.

Lastly, Jackson argues that a new trial is warranted on his breach of contract claim. Jackson argues that

> [t]he analysis of *McCaig v. Wells Fargo*, 788 F.3d 463, 478 (5th Cir. 2015) as to damages that may arise in consumer debt collection would appear to apply to Plaintiff's situation, where (a) there is a duty to follow applicable law in the collection process, which duty is memorialized in the Note and Deed of Trust, (b) there are arguable failures by Defendant to live up to that duty, because of notices being improperly given without clear capacity at the time(s), due to inconsistencies of the chain of indorsement as compared to the chain of assignment that Defendant offers, and (c) jeopardy to Plaintiff's title to, and use and possession of, the homestead have resulted. The August, 2018 sale did not occur only because of the temporary restraining order granted in this suit, not because of any benevolence of Defendant.

Dkt. No. 28 at 3-4; *see supra* pp. 4-5.

Jackson's arguments in his motion for new trial are verbatim the arguments that he made in his objections to the undersigned's findings, conclusions, and recommendation.

RoundPoint opposes Jackson's motion for a new trial. *See* Dkt. No. 29. The thrust of RoundPoint's response to Jackson's motion is that, in his motion for new trial, Jackson "claims the Court erred in several respects, but does not point to any evidence or authority demonstrating an error on the Court's part, does not offer any legal analysis of the claims, issues, or application of law to fact, and does no more than state, in a conclusory fashion, that Plaintiff believes RoundPoint's summary judgment evidence was inadequate." *Id.* at 2. RoundPoint argues that Jackson's motion "constitutes little more than conclusory objections and unsupported narrative allegations." *Id.*

## Legal Standard and Analysis

In the Fifth Circuit, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Importantly, a party may not use a motion for new trial as a way to relitigate issues that were decided against them. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).

A Rule 59 motion may not be used to relitigate old matters, raise old arguments, or raise new arguments or present new evidence that could have been

raised prior to entry of judgment. *See generally* 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 2010).

Under Rule 59(e), a district court can amend or alter a judgment upon a party's timely motion. A judgment may appropriately be altered or amended under Rule 59(e) to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). Thus, when considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003).

In the Fifth Circuit, Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.,* No. 4:04-CV-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem*, Inc., 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) provides remedy for only the most extraordinary circumstances and should be used sparingly. *See Templet*, 367 F.3d at 479. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 WL 6090228,

at *1 (quoting S. *Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Jackson filed a motion for new trial, which is governed by Rule 59(a). But there was no trial in this matter because Jackson's claims against RoundPoint were adjudicated by summary judgment. Jackson's motion for new trial is therefore more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

Jackson's arguments for a new trial are identical to his arguments in his objections to the undersigned's findings, conclusions, and recommendation.

First, Jackson claims that RoundPoint did not establish that the individual who executed the various assignments of the security instrument, under which

RoundPoint's lien and right to foreclose originate, was authorized to do so. *See* Dkt. No. 28 at 1-2.

Second, Jackson claims that there are discrepancies between the Notice of Sale that RoundPoint's foreclosure counsel posted and filed and the Notice that Jackson received. *See id.* at 2-3.

Third, Jackson argues that RoundPoint engaged in dual tracking. *See id.* at 3.

Fourth, Jackson argues that the costs that he was charged were improper because there is a broken chain of assignment in the security instrument. *See id.*

Fifth, Jackson argues that RoundPoint has breached its contract with Jackson because it violated the applicable law in the foreclosure, sale and debt collection process. *See id.* at 3-4.

None of Jackson's arguments raise any new facts that are of such a nature that they would have changed the outcome of this case. And these arguments do not raise any new facts that could not have been discovered earlier by proper diligence.

Jackson has not pointed to, or alleged, any manifest error of law or fact and he has not presented the Court with any newly discovered evidence. The comparison, as summarized above, of Jackson's arguments in this motion to those in his previous filings bear out that he is attempting to relitigate issues that were resolved to his dissatisfaction. *See Sanders,* 2005 WL 6090228, at *1.

Jackson has not shown that the present case is one in which the extraordinary remedy of altering or amending the judgment is warranted. *Templet*, 367 F.3d at 479.

His motion should be denied.

-12-

## Recommendation

For the reasons explained, the Court should deny Jackson's motion for new trial [Dkt. No. 28].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 24, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE